UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTWAN WRIGHT,

    Plaintiff,

v.                                           Case No. 3:23-cv-862-MMH-MCR

CMS PROFESSIONAL
TRANSPORT INC., et al.,

    Defendants.

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 27; Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 2, 2024. In the Report, Judge Richardson recommends that the Joint Motion for Approval of FLSA Settlement (Dkt. No. 26; Motion) be granted, the Settlement Agreement be approved, and the case be dismissed with prejudice. See Report at 1, 6. Plaintiff does not have any objections to the Report. See Plaintiff's Notice of Non-Objection to the Report and Recommendation of the Magistrate Judge (DE 27) (Dkt. No. 28). Defendants did not file any objections to the Report, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1.[1]  As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice.  See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so.  See Report at 1, n.1.

Upon review of the record, including the Report, Motion, and Settlement Agreement (Dkt. No. 26-1), the undersigned concludes that the settlement represents a "reasonable and fair" resolution of Plaintiff's claims. Accordingly, the Court will accept and adopt the Report.

In light of the foregoing, it is hereby

**ORDERED:**

1. The Report and Recommendation (Dkt. No. 27) is **ADOPTED** as the opinion of the Court.

2. The Joint Motion for Approval of FLSA Settlement (Dkt. No. 26) is **GRANTED**.

3. The Settlement Agreement (Dkt. No. 26-1) is **APPROVED**.

4. This case is **DISMISSED with prejudice**.

5. The Clerk of the Court is directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of July, 2024.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record